

**ORDERED in the Southern District of Florida on June 4, 2015.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

TAGGED OPINION
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

DAWN PATRICIA GREY,

        Debtor.
_____/

CASE NO. 14-27803 -BKC-LMI

Chapter 13

### ORDER OVERRULING NATIONSTAR MORTGAGE, LLC'S OBJECTION TO DEBTOR'S MOTION TO MODIFY

THIS CAUSE came before the Court upon the Debtor's Motion to Modify Plan ("Motion to Modify") (ECF #80) and Nationstar Mortgage, LLC's Objection to the Motion to Modify ("Objection") (ECF #85). For reasons described in this opinion, the Objection is overruled.

#### Facts

The Debtor, Patricia Dawn Grey, borrowed money from Nationstar Mortgage, LLC ("Nationstar") to purchase her non-homestead property located in Miami Gardens, Florida (the "Property"). The Debtor encumbered the Property with a mortgage in favor of Nationstar to secure the loan. On August 6, 2014, the Debtor filed a Chapter 13 petition (ECF #1). Thereafter, the Debtor filed a plan and seven subsequent amendments to the plan to reorganize her debts and

CASE NO. 14-27803 -BKC-LMI

pay her creditors, including Nationstar.[1] Save for the initial plan, each amendment provided for payments to Loancare Servicing ("Loancare"), a loan servicer for Nationstar.[2] Each amended plan proposed payments to Nationstar that are equal for the first few months and then shifting to a different equal amount for the remaining months. For example:

First Amended Plan payments to Nationstar:

$309.87/mo (Mos. 1 to 3)
$1,231.82/mo (Mos. 4 to 60)

Fourth Amended Plan payments to Nationstar:

$135.05/mo (Mos. 1 to 6)
$487.22/mo (Mos. 7 to 60)

Nationstar objected to the Fourth Amended Plan because the Debtor sought to value the Property at $25,000 (ECF #58). The Debtor and Nationstar ultimately settled on a value of $35,000 for the Property. This agreement is reflected in the Seventh Amended Plan (ECF #75) which provides payments to Nationstar as follows:

$334.65/mo (Mos. 1 to 6)
$708.08/mo (Mos. 7 to 60)

The Seventh Amended Plan was then confirmed without objection on December 10, 2014 (ECF #77). On December 30, 2014, the Debtor filed the First Modified Plan (ECF #82). The First Modified Plan and the confirmed Seventh Amended Plan are identical except that the First Modified Plan provides for escrow payments of $122.02 each month for taxes and insurance paid to Nationstar in addition to the principal and interest payments already provided for. Despite

---

[1] *See* ECF ##17, 22, 24, 47, 56, 63, 74, and 75.
[2] The Debtor's first filed plan (ECF #17) stated that Nationstar's secured claim would be paid outside of the plan. Every subsequent amendment provided for Nationstar's claim in the plan.

this, Nationstar objects to the First Modified Plan because it does not contain equal monthly payments for the life of the plan.

## **Analysis**

The parties have framed the issue before me as whether payments to a secured creditor under a Chapter 13 plan need to be equal from the first plan payment to the secured creditor, or whether the payments must be equal at a later date. The section governing payments to secured creditors is 11 U.S.C. §1325(a)(5). Unless the secured creditor accepts proposed plan treatment of its secured claim or the debtor surrenders the collateral, the secured creditor must retain its lien in the allowed amount. *See* 11 U.S.C. §1325(a)(5)(A), (B), and (C). Section (a)(5)(B)(iii) directs that if the secured claim is provided for in the form of periodic payments, those payments must be in "equal monthly amounts." 11 U.S.C. §1325(a)(5)(B)(iii)(I). Bankruptcy courts are split on what the requirement of "equal monthly amounts" means.[3]

However, it is unnecessary for me to decide that issue because the *res judicata* effect of the confirmed Seventh Amended Plan precludes Nationstar from challenging the monthly payments proposed in the First Amended Plan. Section 1327(a) of the Bankruptcy Code provides: "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not

---

[3] The requirement for equal monthly payments under section 1325(a)(5)(B) was added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). The purpose was to prevent backloaded balloon payments in a plan or payments that step up over the life of the plan. *See e.g., In re Irwin*, 376 B.R. 897, 901 (Bankr. C.D. Ill. 2007). Several cases have examined the equal monthly payment issue. *Compare In re DeSardi,* 340 B.R. 790, 805 (S.D. Tex. 2006) (holding there is no requirement in the Bankruptcy Code that payments begin being equal with the first payment after confirmation) *with In re Denton,* 370 B.R. 441, 446 (S.D. Ga. 2007) (holding that periodic payments are not a defined term under the Bankruptcy Code, but rather refer to "all regularly-recurring post-confirmation payments on an allowed secured claim," and must be equal from the first payment post-confirmation).

the claim of each creditor is provided for by the plan, and whether or not each creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. §1327(a).

"When the bankruptcy court confirms a plan, its terms become binding on debtor and creditor alike." *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1692 (2015). *See also United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 275 (2010) (holding that a confirmation order is "enforceable and binding" on a creditor notwithstanding legal error when the creditor "had notice of the error and failed to object or timely appeal"). A confirmed plan binds the debtor and creditor "to any issue . . . necessarily determined by the confirmation order, including whether the plan complies with sections 1322 and 1325 of the Bankruptcy Code." *In re Bateman*, 331 F.3d 821, 830 (11th Cir. 2003).

In *Bateman*, a creditor argued that because the plan at issue did not meet the requirements of section 1325, the confirmed plan was not given *res judicata* effect. *In re Bateman,* 331 F.3d at 830. The Eleventh Circuit explained that "[p]reclusion under §1327 is somewhat harsher than common law issue preclusion" because under common law "the litigation of an issue is precluded only if that issue was actually litigated and decided and if the determination of that issue was necessary to the judgment in a previous action between the parties." *Id.* (citing *In re Starling*, 251 B.R. 908, 910 (Bankr. S.D. Fla. 2000); *In re Sanders*, 243 B.R. 326, 331 (Bankr. N.D. Ohio 2000)). The preclusive effect of a confirmed Chapter 13 plan forecloses "relitigation of *any issue* actually litigated and *any issue* necessarily determined by the confirmation order," including whether the requirements of section 1325 have been satisfied. *Bullard*, 135 S. Ct. at 1692 (emphasis added). A creditor who does not object to a plan that fails to meet the requirements of section 1325 does so at its own peril. *In re Bateman,* 331 F.3d at 830.

CASE NO. 14-27803 -BKC-LMI

This Court confirmed the Debtor's Seventh Amended Plan *without* objection by Nationstar on December 10, 2014. The treatment of Nationstar's secured claim in the Seventh Amended Plan and the First Modified Plan are identical. Had Nationstar objected to the Seventh Amended Plan, perhaps it would have prevailed, but it chose not to. Thus, Nationstar may not use the Debtor's agreement to include escrow payments in the First Modified Plan as an opportunity to retread issues Nationstar should have raised prior to confirmation. Issues that were necessarily determined by confirmation of the Seventh Amended Plan are no longer subject to challenge—and Nationstar may only object to any new issues raised by the First Modified Plan. The Court having reviewed the Motion to Modify, the Objection, and the record, it is

**ORDERED** that:

1. The Debtor's Motion to Modify is GRANTED.

2. Nationstar's Objection is OVERRULED.

###

Copy to:
Michael A. Frank, Esq.
Jeffrey S. Fraser, Esq.

*Attorney Frank shall serve a copy of this Order upon all parties in interest and file a certificate of service with the Clerk of Court.*